IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JAIME R. VALENTINE, | : | BANKRUPTCY NO.: 1-03-bk-00090 |
| DEBTOR | : | |
| JAIME R. VALENTINE, | : | {**Nature of Proceeding**: Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) (Doc. 6)} |
| PLAINTIFF | : | |
| v. | : | |
| YORK EDUCATIONAL FEDERAL CREDIT UNION, | : | |
| DEFENDANT | : | ADVERSARY NO.: 1-04-ap-00012 |

# OPINION[1]

Defendant, York Educational Federal Credit Union, filed the instant motion seeking the dismissal of Plaintiff's, Jamie R. Valentine, adversary complaint. For the reasons stated below, Defendant's motion is granted in part and denied in part.

## DISCUSSION

Plaintiff filed a three (3) count complaint against Defendant alleging the following violations: (1) an unlawful administrative hold on her depository account with Defendant in violation of section 362 of the Bankruptcy Code ("Code"); (2) an unlawful attempt to collect a debt in violation of section 362; and (3) violations of Pennsylvania's Fair Credit

---

[1] Drafted with the assistance of Wendy E. Morris, Law Clerk.

[m:\users\cathy\wp8docs\Hrsbg Opin\Valentine.wpd]

Extension Uniformity Act and Unfair Trade and Consumer Protection Law.

Defendant's motion to dismiss alleges that Plaintiff fails to put forth a claim upon which relief may be granted because the doctrine of *res judicata* bars adjudication of the present adversary. In addition, Defendant maintains that this Court lacks subject matter jurisdiction over those claims grounded in Pennsylvania law. As such, the instant complaint should be dismissed pursuant to Rules 12(b)(6) and (b)(1) of the Federal Rules of Civil Procedure.

**1.  Rule 12(b)(6): Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, allows for the dismissal of an action which fails to state a claim upon which relief may be obtained. The defendant bears the burden of proving this failure. See Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). When confronted with such motions, a court is obligated to "accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). Plaintiff's complaint can only be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

Defendant argues that the issues concerning its administrative hold on Plaintiff's account and whether it had a right to setoff were previously brought before this Court when it filed a motion for relief from the automatic stay. The same allegations raised in

Plaintiff's answer to the motion for relief from the automatic stay and subsequent amended answer and counterclaim are identical to the allegations raised in the adversary complaint. Although the Parties entered into a settlement agreement during a hearing held on May 19, 2003, Defendant maintains that "a settlement reached by two parties before a court should be as conclusive as a judgment entered after a full trial" thus invoking the doctrine of *res judicata*. In addition, Defendant contends that caselaw supports its position that correspondence sent to a debtor concerning its policy of denying future services to members seeking to discharge its claims does not violate an automatic stay.

In response, Plaintiff concedes that *res judicata* precludes re-litigation of the issue of setoff but argues that questions concerning an automatic stay violation were never litigated during the hearing. This Court is inclined to agree.

Settlement agreements approved by a court are afforded the protection of *res judicata*. See In re Orthopedic Bone Screw Prod. Liab. Lit., 350 F.3d 360, 364 (3d Cir. 2003)(citation omitted). The only settlement approved by the Court at the May 19 hearing involved the setoff amount. See 1-03-bk-00090, Doc. 30. Issues associated with an alleged automatic stay violation were never resolved by the Court.

Moreover, whether the alleged violation entitles Plaintiff to relief is a mixed question of fact and law which requires the presentation of evidence. Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is therefore

denied.

## 2. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Defendant's last argument focuses on Rule 12(b)(1) of the Federal Rules of Civil Procedure, as adopted by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. When presented with a motion to dismiss based on a lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of proper jurisdiction. See Gould Elec. Inc., 220 F.3d at 178. Dismissal is only proper if the cause of action "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." See Gould Elec. Inc., 220 F.3d at 178 (internal quotations omitted)(citation omitted).

Challenges to subject matter jurisdiction may be facial or factual. Facial attacks challenge "the sufficiency of the pleadings [a]nd the trial court must accept the complaint's allegations as true." Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). A court may "consider only allegations in the complaint, exhibits attached to the complaint, matters of public record and documents that form the basis of a claim." Lum v. Bank of Amer., 361 F.3d 217, 222 n.3 (3d Cir. 2004).

A factual attack, however, disputes the existence of subject matter jurisdiction in fact and requires a court to "weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings" in order to ascertain the truth. Turicentro, 303 F.3d at 300 n.4. No presumption of truthfulness attaches to

Plaintiff's allegations and a court is free to examine such extraneous matters without converting the motion into a request for summary judgment.  See Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997); Mortensen v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Defendant advances the argument that this Court lacks subject matter jurisdiction over Plaintiff's requests for relief under Pennsylvania's Fair Credit Extension Uniformity Act and Unfair Trade and Consumer Protection Law.  More specifically it maintains that Plaintiff's state law claims are not related to her bankruptcy case, thus negating the nexus needed to create subject matter jurisdiction.  See generally 73 Pa. Cons. Stat. Ann, § 201-1 (West 2004); Pa. Stat. Ann. tit. 73, § 2270.4 (West 2004).

Defendant's motion constitutes a facial challenge against the adversary complaint. As such, this Court must examine the complaint in a light most favorable to the Plaintiff and determine whether she has sufficiently alleged a basis of subject matter jurisdiction.

Despite the jurisdictional grant embodied in sections 157 and 1334 of title 28 of the United States Code, the scope of a bankruptcy court's subject matter jurisdiction is limited.  As noted by the Third Circuit Court in Halper v. Halper, matters brought before a bankruptcy court fall into one of three (3) categories: core, non-core, or wholly unrelated to a bankruptcy case.  See 164 F.3d 830, 837 (3d Cir. 1999).

Although Congress does not define what a core proceeding is, the Third Circuit Court outlined a two step analysis in Halper.  First, a court must review section 157(b)(2)

of title 28 and determine if the proceeding falls under any of the illustrative examples delineated therein. See id. at 836; 28 U.S.C. § 157(b)(2). If not, the court must determine if the proceeding "[1] invokes a substantive right provided by title 11 or [2] if the proceeding, that by its nature, could arise only in the context of a bankruptcy case." Id.

Non-core proceedings, however, concern matters that do not arise under title 11 but are nonetheless 'related to' a bankruptcy case. See 28 U.S.C. § 157(c)(1). If the proceeding "does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy, it is a non-core proceeding even though it may be related to bankruptcy." Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1157 n. 9 (3d Cir. 1989)(citing Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987)). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." Halper, 164 F.3d at 837 (emphasis added)(citation omitted). Without the parties assent to jurisdiction, a bankruptcy court's power to adjudicate non-core matters is limited to hearing disputes and submitting proposed findings of facts and conclusions of law to the district court for final disposition. See Id. at 836; 28 U.S.C. § 157(c)(2).

Matters that are wholly unrelated to a bankruptcy case fall outside the boundaries of a bankruptcy court's adjudicatory powers in that the outcome of the "dispute will not have any effect on the bankruptcy generally because it will not affect the property to be

Case 1:04-ap-00012-JJT    Doc 25    Filed 10/15/04    Entered 10/19/04 15:07:33    Desc
Main Document    Page 6 of 8

administered in the bankruptcy case, the total assets to be distributed, or the total claims to be paid." Shuman v. Kashkashian (In re Shuman), 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001).

For purposes of finding proper subject matter jurisdiction, the question of whether a matter is core or non-core is immaterial. See Porter v. NationsCredit Cons. Discount Co. (In re Porter), 295 B.R. 529, 537 (Bankr. E.D. Pa. 2003). What becomes important is whether the matter is at least related to the bankruptcy case at issue. See Adams v. Prudential Sec., Inc. (In re Foundation for New Era Philanthropy), 201 B.R. 382, 387 (Bankr. E.D. Pa. 1996). If so, a bankruptcy court is vested with the power to adjudicate the matter in some fashion. See id. Matters that are wholly unrelated to a bankruptcy case must be dismissed for lack of proper subject matter jurisdiction. See id.; accord Gallucci v. Grant (In re Gallucci), 931 F.2d 738, 742 (11th Cir. 1991)(Circuit Court noted that unrelated matters are completely beyond the bankruptcy court's subject matter jurisdiction).

In her complaint, Plaintiff asserts that her complaint—in total—is a core matter. Aside from this, Plaintiff does not advance any form of a counter-argument to Defendant's motion in either her answer to the motion or her supporting brief. Despite this assertion, the Court reaches a different conclusion after reviewing the complaint and accompanying documents.

Applying the jurisdictional analysis advocated in Halper, Plaintiff's claims under

Pennsylvania's Fair Credit Extension Uniformity Act and Unfair Trade and Consumer Protection Law neither invoke a substantial right provided by title 11 or arise only in the context of her bankruptcy case. Furthermore, these claims will not have any conceivable effect upon Plaintiff's bankruptcy case, regardless of the result. As such, Plaintiff's claims against Defendant based on Pennsylvania's Fair Credit Extension Uniformity Act and Unfair Trade and Consumer Protection Law are hereby dismissed.

An Order will follow.

Date: October 15, 2004

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic order is signed and filed on the same date.*